LEADRY WARD v. LEWIS C. RAPP.

*Trespass—License to cut timber—Revocation—Legal advice.*

1. A verbal permission by one tenant in common of land to cut timber therefrom is a mere naked, non-assignable license, which is revoked by the licensor forbidding the licensee to cut the timber, or by his executing a quitclaim deed, without reservation, to his co-tenant.

2. Where a person deliberately trespasses upon land by cutting timber therefrom, with full knowledge of all of the facts making such acts a trespass, and against the warning of the land-owner, he will not be permitted to testify, in a suit for such trespass, to what legal advice he had received, and what his own belief was as to his legal right to enter upon the land.

Error to Kalamazoo. (Buck, J.) Argued January 24, 1890. Decided February 20, 1890.

Trespass. Defendant brings error. Affirmed. The facts are stated in the opinion.

*Frank E. Knappen* (*Irish, Knappen & Frost,* of counsel), for appellant.

*O. T. Tuthill,* for plaintiff.

GRANT, J. Plaintiff sued defendant in an action of trespass, claiming and recovering treble damages under How. Stat. § 7957.

Plaintiff was the sole owner in fee of the land at the time of the alleged trespass. Defendant admits the cutting of the timber, but defends under a parol license given by one Curran to Newell Henry, and by said Henry sold and assigned to him, and also insists that there was no evidence to sustain a judgment for treble damages.

Plaintiff and Oscar Curran were (had been) the owners of this land as tenants in common. Curran gave permission to Newell Henry to enter upon this land, and cut timber enough therefrom to build him a small house. Henry purchased lumber of defendant with which to build the house, amounting to $36.49, and, in consideration therefor, transferred to defendant his license to cut this timber. Before Curran sold to plaintiff, he revoked the license, by forbidding Henry to cut any more timber. Curran deeded to plaintiff by quitclaim deed, without any reservation. Defendant knew of this deed, and saw plaintiff, who forbade his cutting the timber. Defendant then informed plaintiff that he should cut the timber just the same. He did proceed to cut it, working upon Sunday to get the timber off.

The permission given to Henry by Curran was a mere naked license, personal to Curran, and not assignable. It was revoked both by the act of Curran in forbidding Henry to cut, and also by the deed from Curran to plaintiff. Neither Curran nor plaintiff was party to the arrangement between Henry and defendant. As against either plaintiff or Curran, the defendant obtained no greater right than Henry had. Payment by defendant to Henry did not bind Curran or his grantee. Defendant therefore had no right upon the land, and was a trespasser.

Under the testimony, the question of good faith was clearly for the determination of the jury; and the circuit judge, in a clear and well-guarded charge, gave them the proper instructions. The defendant deliberately committed this trespass with full knowledge of all the facts, and against the warning of the plaintiff. Under these circumstances, the court very properly refused to permit the defendant to testify what advice he had received from

an attorney, and what his own belief was as to his legal right to enter upon the lands.

There is no error upon the record, and the judgment of the court below is affirmed, with costs.

The other Justices concurred.